```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                      Case No. 8:9-cr-331-T-33AEP

WARREN HARDER
_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Defendant Warren Harder's Motion for Compassionate Release (Doc. # 99), filed on November 6, 2020. The United States responded on December 11, 2020. (Doc. # 104). For the reasons set forth below, the Motion is denied.

**I.   Background**

On May 10, 2010, the Court sentenced Harder to 240 months' imprisonment, followed by a life term of supervised release, for attempt to produce child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e). (Doc. # 64). Harder is seventy-five years old and his projected release date from FCI Loretto is July 2, 2026. (Doc. # 104 at 1).

In his Motion, Harder seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic, his age, and his underlying health conditions, which include elevated cholesterol,

1

diabetes, and hypertension. (Doc. # 99 at 4-5). The United States has responded (Doc. # 104), and the Motion is now ripe for review.

## II. Discussion

The United States argues that Harder's Motion should be denied because the applicable Section 3553(a) factors strongly weigh against granting him compassionate release. (Doc. # 104 at 13). The Court agrees but concludes that Harder's Motion must also be denied for failure to exhaust his administrative remedies and because his circumstances are not extraordinary and compelling.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Harder argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after **the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,** may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy

statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Although the United States asserts that a prisoner's administrative remedies are exhausted under 18 U.S.C. § 3582(c)(1)(A)(i) either after the Warden denied the prisoner's request or after 30 days elapsed since such a request was made, a reading of the statute dictates otherwise. (Doc. # 104 at 8 n.3). "[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the [BOP] . . . and then either exhaust administrative remedies or wait the passage of thirty days from the defendant's *unanswered* request to the warden for relief." United States v. Alejo, No. CR-313-09-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020) (emphasis added).

Therefore, a prisoner may not automatically file a

motion for compassionate release in the district court following the Warden's timely denial of such a request, nor may he do so thirty days after a timely denial. See United States v. Smith, No. 4:15-cr-19, 2020 WL 2063417, at *2 (N.D. Ohio Apr. 29, 2020) ("Smith has also failed to exhaust his administrative remedies with respect to his original motion. Because the Warden explicitly denied his 2019 request for compassionate release, Smith needed to exhaust by appealing the Warden's decision."). Instead, when the Warden timely denies a prisoner's request, the language of Section 3582(c)(1)(A) requires that the request be appealed through the appropriate administrative channels of the BOP. Only if the Warden does not timely respond to the request may the prisoner file a motion with the district court after thirty days have elapsed since the request was made. See United States v. Early, No. CR-19-92, 2020 WL 272276, at *3 (W.D. Pa. May 21, 2020) ("Warden Williams responded to Defendant's request within 30 days of receipt. Consequently, Defendant is obligated to complete the administrative appeal process. Therefore, this Court finds that Defendant has failed to exhaust his administrative remedies.").

Here, Harder submitted his request for compassionate

4

release to the Warden of his facility on June 5, 2020. (Doc. # 104 at 9). That request was timely denied on June 18, 2020. (Id.). In that denial, the Warden advised Harder:

> If you are dissatisfied with this response, the First Step Act allows you to file an appeal directly to the Sentencing Court 30 days after requesting compassionate release from the Warden without utilizing and/or exhausting the Administrative Remedy process. You may also appeal through the Administrative Remedy Program.

(Doc. # 104-2). As explained above, this is incorrect, and because the Warden timely denied the request, Harder had to exhaust his administrative appeals before filing this Motion. Harder has provided no proof in his Motion that he appealed the Warden's denial through the administrative channels of the BOP. (Doc. # 99).

However, because of the Warden's error, and the confusion that it may have caused, the Court turns to the Motion's merits. The Court finds that, even if Harder had exhausted his administrative remedies, his circumstances are not extraordinary and compelling so as to justify release.

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that

5

substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Harder bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Although Harder alleges that his age (75 years old) and underlying health conditions (elevated cholesterol, diabetes, and hypertension) make him especially vulnerable to COVID-19, (Doc. # 99 at 4-5), he has not sufficiently demonstrated that he has a serious medical condition that substantially diminishes his ability to care for himself in his facility. See USSG § 1B1.13, comment. (n.1); see also United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020) (denying a motion for compassionate release for a COVID-19-positive prisoner who had other medical conditions, including diabetes, severe coronary artery disease, and COPD, because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison); United States v. Bailey, No. 1:11-

6

cr-00010-MR, 2020 WL 3883659, at *2 (W.D.N.C. July 9, 2020) (denying a seventy-two-old inmate's motion for compassionate release, despite his "high blood pressure, high cholesterol, and atrial fibrillation," because those conditions were controlled and "the Defendant's age, standing alone, [was] not an extraordinary and compelling reason to reduce his sentence"); United States v. Rodriguez-Orejuela, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (denying a motion for compassionate release for an eighty-one year old inmate with a number of health conditions, including cancer and hypertension).

Additionally, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Thus, Harder has not shown an extraordinary and compelling reason that justifies compassionate release and his Motion is denied.

However, even if Harder had established an extraordinary

7

and compelling reason for compassionate release, this Court would still deny his Motion because Harder has not shown that he "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Additionally, the 18 U.S.C. § 3553(a) factors do not support a reduction in sentence, as they require that a sentence protects the public and reflects the seriousness of the crime. 18 U.S.C. § 3553(a).

The Court agrees with the United States that "Harder would pose a danger to public safety if released." (Doc. # 104 at 13). As detailed in the United States' response:

> For months, Harder enticed a putative 14-year old girl and sent her a camera in the mail in an attempt to have her produce child-pornographic material of herself. During those conversations, Harder sexualized the 14-year old and described the sexual abuse he wanted to inflict upon her. Moreover, Harder's interest in sexually abusing children was not limited to the putative 14-year-old girl. Harder's online conduct had generated no fewer than 12 cybertip reports to the National Center for Missing and Exploited Children. These reports detailed Harder engaging in sexual conversations with apparent minors and distribut[ing] child pornography over a two-year period. In one instance, Harder had engaged in sexually charged conversations with an identified 12-year old victim.

(Doc. # 104 at 13-14) (citations omitted). In light of the serious, dangerous nature of Harder's crimes, granting Harder

compassionate release – with over five years remaining on his sentence – would undermine deterrence, respect for the rule of law, the protection of the public, and the sentence's reflection of the seriousness of his crimes. (Id. at 14-15).

While Harder's concerns about the COVID-19 pandemic are understandable, the Court notes that several measures have already been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

9

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Warren Harder's Motion for Compassionate Release (Doc. # 99) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of December, 2020.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

10